IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| CEDRIC B. SLATER | * | CIVIL ACTION NO. 06-0728 |
| VERSUS | * | JUDGE JAMES |
| MID SOUTH EXTRUSION | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for Insufficiency of Service (Doc. # 8) filed by Defendant, Mid South Extrusion ("Mid South") pursuant to F.R.C.P. Rule 4(h), seeking dismissal of the claims against Mid South for insufficiency of service. The motion is unopposed.

Pro se plaintiff, Cedric B. Slater ("Slater"), filed suit against Mid South, Ron Mason, Lance Joslin, and Rob Hurtman on May 1, 2006 alleging claims of disability discrimination. On June 9, 2006, Slater delivered a summons for Mid South to Lance Joslin at Mid South; however, Mr. Joslin is not the registered agent for Mid South Extrusion and a review of the plaintiff's complaint shows that Joslin is a Maintenance Technician, not an officer or managing or general agent for the company. Mid South seeks dismissal of the claims against it for insufficiency of service.

The requirements for service of process on corporations and associations is found at Federal Rule of Civil Procedure 4(h), and reads as follows in pertinent part:

> **Service Upon Corporations and Associations.** Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> **(1)** in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of

the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Because service has not been made on Mid South's registered agent or on an officer or managing or general agent of the company, Mid South is entitled to dismissal without prejudice pursuant to F.R.C.P. Rule 4(h); however, given the facts that Slater is pro se, that he attempted in good faith to serve Mid South, and that suit has been pending less than 120 days, **IT IS RECOMMENDED** that Slater be given a reasonable time to properly serve Mid South before dismissal of his claims against it. **IT IS FURTHER RECOMMENDED** that Mid South be instructed to cooperate with Slater in providing him with the information needed to properly serve it, including the name and address of its registered agent for service of process.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of July, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE