IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| CEDRIC B. SLATER | * | CIVIL ACTION NO. 06-0728 |
| VERSUS | * | JUDGE JAMES |
| MID SOUTH EXTRUSION | * | MAGISTRATE JUDGE HAYES |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for Insufficiency of Service (Doc. # 14) filed by Defendant, Mid South Extrusion ("Mid South") pursuant to F.R.C.P. Rule 4(h), seeking dismissal of the claims against Mid South for insufficiency of service. The motion is unopposed.

Pro se plaintiff, Cedric B. Slater ("Slater"), filed suit against Mid South, Ron Mason, Lance Joslin, and Rob Hurtman on May 1, 2006 alleging claims of disability discrimination. On June 9, 2006, Slater delivered a summons for Mid South to Lance Joslin at Mid South; however, Mr. Joslin is not the registered agent for Mid South Extrusion and a review of the plaintiff's complaint shows that Joslin is a Maintenance Technician, not an officer or managing or general agent for the company. On June 27, 2006, Mid South filed a Motion to Dismiss pursuant to F.R.C.P. Rule 4(h) for insufficiency of service.

On July 26, 2006, this Court issued a Report and Recommendation recommending that Slater be given a reasonable time to properly serve Mid South before dismissal because Slater is pro se, he attempted in good faith to serve Mid South, and at that time, the suit had been pending less than 120 days. This Court also recommended that Mid South be instructed to cooperate with Slater in providing him with the information needed to properly serve it, including the name and address of its registered agent for service of process.

1

On August 9, 2006, Mid South filed the current Motion to Dismiss for insufficiency of service. Mid South states that Slater attempted to serve Mid South's agent for service of process, Mr. Kenneth Upshaw ("Upshaw"), on July 28, 2006; however, Upshaw was incorrectly served. According to Mid South, Slater did not serve Upshaw, but instead served the receptionist at Mid South. The receptionist advised Slater that she could not accept the service of process; however, Slater left the service documents with the receptionist anyway. Mid South contends, without opposition from Mr. Slater, that Mr. Upshaw was not personally served and that the attempted service was made at an improper address.

The requirements for service of process on corporations and associations is found at Federal Rule of Civil Procedure 4(h), and reads as follows in pertinent part:

> **Service Upon Corporations and Associations.** Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> **(1)** in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Because the record shows that plaintiff still has not met the requirements of Rule 4, despite having been given additional time to do so, and because service has not been properly made on Mid South's registered agent or on an officer or managing or general agent of the company, Mid South is entitled to dismissal of the claims against it without prejudice pursuant to F.R.C.P. Rule 4(h).

Therefore, **IT IS RECOMMENDED** that Mid South's Motion to Dismiss (Doc. #14) be **GRANTED** and Slater's claims against Mid South be **DISMISSED WITHOUT PREJUDICE** for insufficiency of service of process.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of September, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE