RECEIVED
IN MONROE, LA

OCT 2 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **CEDRIC B. SLATER** | **CIVIL ACTION NO. 06-0728** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MID SOUTH EXTRUSION, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court are two Motions to Dismiss for Insufficiency of Service [Doc. Nos. 8 & 14] filed by Defendant Mid South Extrusion ("Mid South"). For the following reasons, the motions are DENIED at this time.

On June 27, 2006, Mid South filed a Motion to Dismiss for Insufficiency of Service [Doc. No. 8], asserting that Plaintiff had failed to serve its registered agent for service of process. Plaintiff, who is acting pro se, did not respond to the motion.

On July 26, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 11] finding that Plaintiff had not properly effectuated service. Because the 120-day period for service of process had not expired, however, Magistrate Judge Hayes recommended that Mid South be required to provide correct service information and Plaintiff be permitted additional time to effect service.

Before the time for objections to the first Report and Recommendation expired, Mid South filed a second Motion to Dismiss for Insufficiency of Service [Doc. No. 14] on August 9, 2006. Plaintiff again failed to oppose this second Motion to Dismiss.

On September 25, 2006, Magistrate Judge Hayes issued a second Report and Recommendation [Doc. No. 17]. In the second Report and Recommendation, Magistrate Judge Hayes recommended that the Court dismiss Plaintiff's case without prejudice because he improperly attempted service on the receptionist for the agent of service of process, Kenneth

Upshaw. In its memorandum, Mid South claimed that the receptionist specifically informed Plaintiff that she could not accept service.

However, on September 29, 2006, Plaintiff filed a letter with the Clerk's Office in which he claims that he attempted to have Mr. Upshaw served at his home, but that Mr. Upshaw was never home or never answered his door. Plaintiff further claims that the person he had engaged to effect service also went to Mr. Upshaw's job site at Mid South. According to the information provided to Plaintiff, Mr. Upshaw's secretary paged him, but Mr. Upshaw said over a speaker that "he was expecting the summon[s] and that [the process server] should leave it with his secretary." Mr. Upshaw allegedly said that he "would come up front later to get it."

Thus, the Court is faced with two hearsay accounts of attempted service on Mr. Upshaw. In one version of events, Plaintiff intentionally served a receptionist despite her specific statement that she could not accept service. In the other version, Mr. Upshaw mislead Plaintiff's process server and possibly evaded service.

Under these circumstances, the Court ADOPTS Magistrate Judge Hayes' recommendation in her first Report and Recommendation [Doc. No. 11], but DECLINES TO ADOPT Magistrate Judge Hayes' recommendation in her second Report and Recommendation [Doc. No. 17]. Mid South's Motions to Dismiss for Insufficiency of Service [Doc. Nos. 8 & 14] are DENIED at this time, and Plaintiff is given an additional 45 days from the date of this Court's Ruling and Order to effect service on Mid South or obtain a waiver of service. If Plaintiff fails to file proof of service or waiver of service in the record of these proceedings within 45 days of the date of this Order, the claims against Mid South will be dismissed without prejudice.

MONROE, LOUISIANA, this _____20_____ day of _____October_____, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2