IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CEDRIC B. SLATER** | * | **CIVIL ACTION NO. 06-0728** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MID SOUTH EXTRUSION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for Insufficiency of Service (Doc. # 23) filed by Defendant, Mid South Extrusion ("Mid South") pursuant to F.R.C.P. Rule 4(h), seeking dismissal of the claims against Mid South for insufficiency of service. The motion is unopposed.

Pro se plaintiff, Cedric B. Slater ("Slater"), filed suit against Mid South, Ron Mason, Lance Joslin, and Rob Hurtman on May 1, 2006 alleging claims of disability discrimination. On June 9, 2006, Slater delivered a summons for Mid South to Lance Joslin at Mid South; however, Mr. Joslin is not the registered agent for Mid South Extrusion and a review of the plaintiff's complaint shows that Joslin is a Maintenance Technician, not an officer or managing or general agent for the company. On June 27, 2006, Mid South filed a Motion to Dismiss pursuant to F.R.C.P. Rule 4(h) for insufficiency of service.

On July 26, 2006, this Court issued a Report and Recommendation recommending that Slater be given a reasonable time to properly serve Mid South before dismissal because Slater is pro se, he attempted in good faith to serve Mid South, and at that time, the suit had been pending less than 120 days. This Court also recommended that Mid South be instructed to cooperate with Slater in providing him with the information needed to properly serve it, including the name and address of its registered agent for service of process.

1

On August 9, 2006, before the time for objections to the undersigned's Report and Recommendation had expired, Mid South filed a second Motion to Dismiss for insufficiency of service. Mid South claimed that, although Slater attempted to serve Mid South's agent for service of process, Mr. Kenneth Upshaw ("Upshaw"), on July 28, 2006, the service was insufficient in that Slater did not serve Upshaw, but instead served the receptionist at Mid South. Mid South claimed that, despite the fact that the receptionist advised Slater that she could not accept the service of process, Slater left the service documents with the receptionist anyway. Accordingly, Mid South contended, without opposition from Mr. Slater, that Mr. Upshaw was not personally served and that the attempted service was made at an improper address. Because service had not been properly made on Mid South's registered agent or on an officer or managing or general agent of the company, the undersigned recommended that the Court dismiss Plaintiff's case without prejudice.

However, after the undersigned issued its Report and Recommendation, Plaintiff filed a letter with the Clerk's office in which he claimed that he attempted to have Mr. Upshaw served at his home, but that Mr. Upshaw was never home or never answered his door. Plaintiff further claimed that the person he had engaged to effect service also went to Mr. Upshaw's job site at Mid South. According to the information provided to Plaintiff, Mr. Upshaw's secretary paged him, but Mr. Upshaw said over a speaker that "he was expecting the summon[s] and that [the process server] should leave it with his secretary." Mr. Upshaw allegedly said that he "would come up front later to get it." Faced with two hearsay accounts of attempted service on Mr. Upshaw, the Court issued an Order on October 20, 2006, giving Plaintiff an additional 45 days to effect service on Mid South or obtain a waiver of service [Document No. 20]. The Court instructed Plaintiff that if he failed to provide proof of service or waiver of service in the record

of these proceedings within 45 days of the date of the Order, the claims against Mid South would be dismissed without prejudice.

On November 27, 2006, Mid South filed a third Motion to Dismiss for insufficiency of service. The summons return indicates that, on November 8, 2006, rather than serving Mr. Upshaw personally, a city marshal served Mr. Upshaw's wife, Michelle Upshaw, at their home. Because Mrs. Upshaw is in no way affiliated with Mid South, Defendant contends that it has yet to be properly served with process and, as such, is entitled to a dismissal of the claims against it without prejudice pursuant to Rule 4(h).

## LAW AND ANALYSIS

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)). "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id.* (citing *Winters*, 776 F.2d at 1306). "Additionally, the claimant must make a showing of good faith and establish ' ' some reasonable basis for noncompliance within the time specified.' '" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

The requirements for service of process on corporations and associations are found at Federal Rule of Civil Procedure 4(h), and reads as follows in pertinent part:

> **Service Upon Corporations and Associations.** Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

> **(1)** in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.[1]

Fed. R. Civ. P. 4(h). Because neither Rule 4(h) nor Louisiana law make any provision for domiciliary service on a corporation, *Gamble v. Carter*, 378 So.2d 185 (La.App. 1 Cir.1979), Plaintiff's service of Mr. Upshaw's wife was clearly insufficient. Furthermore, having filed no opposition to Mid South's Motion to Dismiss, Plaintiff has not provided any reasoning or justification for his failure to effect proper service and therefore has failed to establish the excusable neglect required for a showing of good cause. While the Court is aware of Plaintiff's pro se status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).[2] This Court has given Plaintiff ample additional time in which to effect proper service and Plaintiff was warned that failure to do so would result in the dismissal of his claims. Thus, because the record shows that Plaintiff still has not met the requirements of Rule 4, Mid South is entitled to dismissal of the claims against it without prejudice pursuant to F.R.C.P. Rule 4(h).

---

[1] Rule 4(e)(1) allows service to ". . . . be effected in any judicial district of the United States: . . . pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state . . . ." Fed. R. Civ. P. 4(e).

[2] While it is obvious from the three Motions to Dismiss filed in this case that Mid South has actual notice of Plaintiff's suit, "[t]he defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).

Therefore, **IT IS RECOMMENDED** that Mid South's Motion to Dismiss [Document No. 23] be **GRANTED** and Slater's claims against Mid South be **DISMISSED WITHOUT PREJUDICE** for insufficiency of service of process.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of December, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE